```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :   14cv10140 (DLC)
CARLOS FALLMAN,                          :
                        Plaintiff,       :   OPINION AND ORDER
                                         :
              -v-                        :
                                         :
HOTEL INSIDER, LTD., AXEL SODERBERG and  :
HANS PHILIPPE KJELLGREN,                 :
                                         :
                        Defendants.      :
                                         :
---------------------------------------- X
```

APPEARANCES:

For Plaintiff:
Jon L. Norinsberg
Chaya M. Gourarie
Joseph & Norinsberg LLP
225 Broadway, Suite 2700
New York, NY 10007

For Defendant Kjellgren:
Leonard Benowich
Benowich Law, LLP
1025 Westchester Avenue
White Plains, New York 10604

DENISE COTE, District Judge:

   Carlos Fallman ("Fallman") is a citizen of the United States and Colombia who resided in New York at all relevant times, and worked at the New York office of Hotel Insider, Ltd. ("Hotel Insider"). Fallman brings this diversity action against Hotel Insider, a foreign corporation with its principal place of business in the United Kingdom, and Hans Philippe Kjellgren

("Kjellgren"), executive chairman of Hotel Insider and a citizen of Sweden, alleging breach of contract and related claims based on the defendants' termination of Fallman's employment at Hotel Insider in October 2014.

Kjellgren moves to dismiss the action against him based on insufficient service of process, lack of diversity jurisdiction, lack of general and specific jurisdiction, and for failure to state a claim.  Since service was insufficient under Rule 4(f)(1), Fed. R. Civ. P., and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"), Kjellgren's other arguments need not be addressed.  For the following reasons, the motion is granted and the case is dismissed as to Kjellgren.

## BACKGROUND

As alleged in the third amended complaint ("TAC"), on July 15, 2013, Fallman was hired by Hotel Insider as vice president of hotel reviews in the New York office.  Although Fallman received repeated positive feedback regarding his job performance, and Kjellgren assured him that his job was "100% secure," Fallman's employment was terminated without notice on October 28, 2014.

Shortly thereafter, Kjellgren and Hotel Insider's co-owner and co-founder Axel Soderberg ("Soderberg") "entered into an elaborate scheme to defraud their creditors."  On December 23,

2

Soderberg and Kjellgren sold Hotel Insider to a company solely owned by Soderberg for a below-market price.  After a series of corporate transactions, Soderberg effectively sold the company "<u>to himself</u> -- essentially re-starting 'Hotel Insider Limited' as 'Hotel Insider Inc.'-- while at the same time, <u>discharging all debts</u> that Hotel Insider Limited had accrued," including those owed to Fallman.

Fallman initiated this action against Hotel Insider and Kjellgren on December 29, 2014.  The complaint alleged breach of contract, fraudulent inducement and misrepresentation, negligent misrepresentation, and unjust enrichment claims.  Fallman served Hotel Insider through the New York Secretary of State on January 12, 2015.

The first amended complaint ("FAC") was filed on March 30, 2015, and added Soderberg and two companies through which Soderberg is alleged to have transferred the assets of Hotel Insider to the newly-formed New York corporation, Hotel Insiders, Inc.  The FAC added allegations that the defendants had engaged in a sham sale of Hotel Insider in an attempt to defraud their creditors.  The FAC added claims for non-payment of wages and benefits under New York Labor Law § 198, fraudulent conveyance under the New York Uniform Fraudulent Conveyance Act, and successor liability based on a de facto merger theory.

3

On July 1, 2015, Fallman filed a second amended complaint ("SAC") against the same five defendants. The SAC added fraudulent conveyance claims under Debtor and Creditor Law §§ 273, 276. On July 7, an attorney made an appearance on behalf of Soderberg and Soderberg Capital, Ltd. ("Soderberg Capital"), and on September 8, Soderberg and Soderberg Capital moved to dismiss the complaint. The Honorable Shira Scheindlin, to whom this case was then assigned, granted the motion to dismiss as to Soderberg Capital for lack of personal jurisdiction, and as to both defendants on plaintiff's fraudulent inducement of contract, non-payment of wages and benefits, negligent misrepresentation, and fraudulent conveyance claims. Leave to amend was granted for plaintiff's fraudulent inducement of contract and fraudulent conveyance claims only. <u>Fallman v. Hotel Insider Ltd</u>, No. 14-CV-10140 (SAS), 2016 WL 316378, at *9 (S.D.N.Y. Jan. 15, 2016).

Counsel for Fallman attempted to file a third amended complaint on February 4 and again on February 10, 2016, but the filings were deficient. In a Scheduling Order of February 10, the Court required the parties to complete discovery by

4

September 30.  Soderberg filed an answer to the TAC on February 26.[1]

The case was reassigned to this Court on April 12, 2016, and an April 13 order noted the filing deficiencies of the TAC, and ordered that they be cured by April 18.  Plaintiff's counsel properly filed the TAC on April 13.  The TAC names three defendants -- Hotel Insider, Soderberg, and Kjellgren -- and alleges claims for breach of contract, fraudulent and unjust enrichment, fraudulent inducement of contract, and fraudulent conveyance under UK Insolvency Act 1986 § 523(3) and § 423(1)(c).  A request for issuance of an amended summons for service on Kjellgren, was made on April 13, and the amended summons was issued the next day.

At a conference on April 21, the schedule for the action was confirmed.  The Court reiterated that discovery was to be completed by September 30, 2016, and ordered that any summary judgment motion be filed by October 21.  The Court warned that the parties were required to be diligent.

On May 4, Fallman's counsel made a "Request for Service Abroad of Judicial or Extra Judicial Documents" (the "Request") to serve the executed summary, amended summons, and TAC with

---

[1] Fallman served Hotel Insider with the TAC through the New York Secretary of State on April 21, 2016.  Hotel Insider has never filed an answer or responded in any way to this suit.

5

Exhibits on Kjellgren at **2A** Clonmel Road in the United Kingdom pursuant to the Hague Convention.  Kjellgren resides in the United Kingdom, and this was the plaintiff's first attempt to serve him.[2]  The completed Certificate-Attestation (the "Certificate"), signed and dated June 3 by a process server, states that Kjellgren was served on May 24 at "**24** Clonmel Road" in London "by handing them to the defendant Hans Philippe Kjellgren, in person at the address given."  Despite the discrepancy in the addresses listed on the Request and Certificate, there is no evidence that the plaintiff sought to serve Kjellgren at the address listed on the Request at any time after June 3.

On July 14, Kjellgren filed a motion to dismiss the TAC accompanied by a declaration of Kjellgren.  Kjellgren's declaration states that he "was not served with the summons and third amended complaint in this action, and no such papers were ever delivered to [him]."  It further asserts that the portion of the Certificate which states that "[d]ocuments were served by handing them to the defendant Hans Philippe Kjellgren, in person at the address given" "is false."  Kjellgren further avers that 2A Clonmel Road and 24 Clonmel Road are "entirely different

---

[2] The plaintiff alleges that he first attempted to serve Kjellgren in the United Kingdom on November 21, 2014 at 76 Bond Street.  At that date, however, the complaint had not yet been filed, and no summons had issued from this Court.

6

addresses," and that he does "not live or work at 24 Clonmel Road." He acknowledges receipt of a July 5 letter from Fallman's counsel notifying him of the deadline to answer the complaint, but notes that it was addressed to him at 2A Clonmel Road.

On July 15, the Court set forth a briefing schedule, which was extended once on consent. On July 29, the Court granted Kjellgren's motion for a stay of all discovery sought from and by Kjellgren. On August 29, the plaintiff opposed the motion, and Kjellgren replied on September 13.

On September 29, Fallman filed a stipulation of dismissal with prejudice of the action against Soderberg, pursuant to Fed. R. Civ. P. 41(A)(1)(a)(ii). A letter was submitted to the Court on September 30, clarifying that the voluntary dismissal applies to Soderberg only, and that the action against Kjellgren is still pending before this Court. The letter does not address the status of the defendant Hotel Insider, which has never filed an appearance in this action.

## DISCUSSION

A complaint may be dismissed for failure to serve the defendant. Fed. R. Civ. P. 12(b)(5); see also Martin v. N.Y. State Dep't of Mental Hygiene, 588 F.2d 371, 373 (2d Cir. 1978). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a

7

party the complaint names as defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); see also Am. Tel. & Tel. Co. v. Merry, 592 F.2d 118, 126 (2d Cir. 1979). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010) (citation omitted). Deficiencies in service are not cured by the fact that a defendant has "actual notice" of the action. Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991).

### I. Service Under the Hague Convention

Rule 4(f)(1), Fed. R. Civ. P., provides that where a waiver of service has not been obtained, service upon an individual defendant located in a foreign country shall be accomplished "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Since the United Kingdom and the United States are both signatories to the Hague Convention, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, service of process on a defendant in the United Kingdom is governed by the Convention. Article 5(a) of the Hague Convention permits service to be made by the Central Authority of the country in which service is requested "by a method prescribed by its

internal law for the service of documents in domestic actions upon persons who are within its territory." Id. "[T]he Hague Convention should be read together with Rule 4, which stresses actual notice, rather than strict formalism." Burda Media, Inc. v. Viertel, 417 F.3d 292, 301 (2d Cir. 2005) (citation omitted). Perfect adherence to the requirements of the Hague Convention is not required, as long as the error does not relate to "material information." Id. at 301-02.

"In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." Id.

In addition to the Hague Convention, service must also satisfy constitutional due process. See Ackermann v. Levine, 788 F.2d 830, 838 (2d Cir. 1986). Due process requires "notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Plaintiff has not met his burden of proving service on Kjellgren. It is undisputed that the Certificate lists an

incorrect address, one at which Kjellgren does not live or work, as the place at which Kjellgren was served.  The Certificate, if anything, establishes prima facie evidence that service was <u>not</u> completed properly.  Further, this error is not a mere technicality, but is material; purported service at the wrong address is not service.

Fallman argues that the facial invalidity of the process server's affidavit is "entirely technical" and "based only on a one-letter typo," and that under <u>Burda Media</u> such technicalities will not render service insufficient.  <u>Burda Media</u>, 417 F.3d 292.  Service at the wrong address is not a technical error that can be overlooked, and <u>Burda Media</u> does not suggest that it can.  In <u>Burda Media</u>, the certificate of service was completed by the French Police while the Hague Convention required it to be completed by the Ministry of Justice.  The court held that the discrepancy in the originating office was "immaterial," since the defendant "suffered no injustice" from the substitution, and "the material information was the same; only the format differed."  <u>Id.</u> at 301-302.

## II. **Grounds for Extension**

Fallman does not request an opportunity to re-serve Kjellgren, although he broadly asks the Court to grant him "just and proper" relief.  Federal Rule of Civil Procedure 4(m) provides that actions are subject to dismissal without prejudice

10

unless service is made within 90 days, but by its express terms "does not apply to service in a foreign country." Fed. R. Civ. P. 4(m). Where the plaintiff does not commence efforts to serve the defendant in a foreign country within 90 days of filing a lawsuit against that defendant, it is appropriate to dismiss the action. See USHA (India), Ltd. v. Honeywell Int'l, Inc., 421 F.3d 129, 133-34 (2d Cir. 2005); Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005). But, if a timely attempt to serve the defendant in a foreign country is made, a "reasonable diligence" standard is applied to determine whether delay by the plaintiff is excusable due to challenges encountered in making foreign service. Lozano v. Bosdet, 693 F.3d 485, 489 (5th Cir. 2012).

Where service of process is insufficient, the Court may dismiss the action or retain the case but quash the service that has been made on the defendant. Zapata v. City of New York, 502 F.3d 192, 196-97 (2d Cir. 2007); Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985). To justify a discretionary extension, "the plaintiff must ordinarily advance some colorable excuse for neglect." Zapata, 502 F.3d at 198.

Fallman has not requested an extension, and has shown neither good cause nor a colorable excuse for the failure of service. Kjellgren was named as a defendant in the original complaint, filed on December 29, 2014, but Fallman made no

11

attempt to serve Kjellgren for seventeen months.  Three months elapsed between the plaintiff's first attempt to file the TAC on February 4, 2016, and the plaintiff's execution of the Request to serve Kjellgren pursuant to the Hague Convention.  The plaintiff has made no attempt to address the process server's error, which was plain on the face of the Certificate, and there has been no request for a renewed opportunity to serve Kjellgren.  In the interim, motion practice has proceeded with the other defendants.  The time for discovery, which was first scheduled in February 2016, expired at the end of September.  The Court will not exercise its discretion to grant another opportunity to serve process on Kjellgren.

## CONCLUSION

Kjellgren's July 14, 2016 motion to dismiss the action against him is granted.  A separate scheduling order shall address the status of the remaining defendant, Hotel Insider.

Dated:    New York, New York
          October 7, 2016

_____
DENISE COTE
United States District Judge