```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :     14cv10140 (DLC)
CARLOS FALLMAN,                          :
                       Plaintiff,        :     MEMORANDUM OPINION
                                         :          AND ORDER
          -v-                            :
                                         :
HOTEL INSIDER, LTD., AXEL SODERBERG and  :
HANS PHILIPPE KJELLGREN,                 :
                                         :
                       Defendants.       :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On October 7, 2016, Carlos Fallman's complaint against Hans Philippe Kjellgren was dismissed for failure to serve. <u>Fallman v. Hotel Insider, Ltd.</u>, No. 14-cv-10140 (DLC), 2016 WL 5875031 (S.D.N.Y. Oct. 7, 2016). The plaintiff's letter of October 21 requests reconsideration. The application is denied.

Local Civil Rule 6.3 requires a request for reconsideration to be made "within fourteen (14) days" through a "notice of motion" accompanied by "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." The Rule also directs that "[n]o affidavits shall be filed by any party unless directed by the Court." Fallman's October 21 letter does not adhere to Rule 6.3: It does not include a notice of motion or a memorandum, and includes an

affidavit without direction by the Court.  It also does not set forth the standard for reconsideration.

The standard for granting a motion for reconsideration is "strict."  Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (discussing a motion under Rule 59(e), Fed. R. Civ. P.).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Id. (citation omitted).  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Id. (citation omitted).

Fallman's letter does not meet the standard for reconsideration.  It cites no authority or controlling opinion overlooked by this Court.  Nor does it point to any decisive fact in the record that the Court overlooked.  Fallman instead seeks to relitigate the case by arguing anew that the Certificate-Attestation (the "Certificate") established prima facie evidence that service was proper, an argument this Court has already rejected.

Fallman's letter also argues for the first time that an evidentiary hearing is necessary to resolve what he describes as a "factual dispute" about service.  Reconsideration is not an opportunity to present the case under new theories, but even if

2

it were, an evidentiary hearing is not warranted.  If the Certificate stated that Kjellgren was served in person at the <u>correct</u> address, and Kjellgren submitted an affidavit denying that he was ever served, that would be a factual dispute requiring an evidentiary hearing.  See <u>Davis v. Musler</u>, 713 F.2d 907, 914 (2d Cir. 1983) (evidentiary hearing necessary when process server's affidavit stated that he personally served the defendants at their home, and the defendants submitted affidavits swearing that they had not been home at the time of the alleged service).  But there is no factual dispute warranting a hearing where the Certificate states that Kjellgren was served at an address at which he does not work or reside, and Kjellgren's affidavit denies service.  If anything, the Certificate creates a <u>prima facie</u> presumption that service was not completed.

Fallman requests in the alternative, and for the first time, that he be granted an opportunity to re-serve Kjellgren.  This argument was anticipated and rejected in the October 7 Opinion and Order, which broadly construed Fallman's request for "just and proper" relief.  To justify a discretionary extension, "the plaintiff must ordinarily advance some colorable excuse for neglect."  <u>Zapata v. City of New York</u>, 502 F.3d 192, 198 (2d Cir. 2007).  Fallman demonstrated neither good cause nor a colorable excuse for the failure of service.  After naming Kjellgren in his first complaint, Fallman made no attempt to serve him for

3

seventeen months; three months elapsed between Fallman's first attempt to file the third amended complaint and the failed effort to serve Kjellgren; and after the failed attempt, Fallman made no attempt to address the process server's error, which was plain on the face of the Certificate.  Accordingly, and for each of these reasons, it is hereby

    ORDERED that Fallman's October 21, 2016 request for reconsideration is denied.


Dated:    New York, New York
           October 25, 2016

                                      _____
                                        DENISE COTE
                              United States District Judge